# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| David Neenan, | Case No. 2:21-cv-00368-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF No. 21** |
| Steve Sisolak, *et al.*, | |
| Defendants. | |

Presently before the Court is *pro se* Plaintiff David Neenan's motion for appointment of counsel (ECF No. 21), filed on March 30, 2022. Defendants opposed at ECF No. 23. Plaintiff did not file a reply.

Plaintiff moves under 28 U.S.C. § 1915(e)(1) to argue that appointment of counsel is appropriate in this case. ECF No. 21 at 1.

## I.     Background

Mr. Neenan, who is currently in custody at High Desert State Prison, alleges an Eighth Amendment deliberate indifference to serious medical needs claim. ECF No. 5 at 5. Plaintiff alleges that Defendants Benedicto Gutierrez, Michael Minev, and Nonilon Peret were aware, because of Plaintiff's filed kites and grievances, that he was suffering from Hepatitis C symptoms that required (prompt) medical attention and treatment yet denied him such treatment due to Nevada Department of Corrections protocols. *Id*. at 6–7. And, at least at the time that Plaintiff filed his complaint in March 2021, he had yet to receive any treatment for his Hepatitis C symptoms.[1] ECF No. 1-1 at 7.

Mr. Neenan now requests a court-appointed attorney, arguing that he is unable to afford counsel; the issues in the case are complex; he has limited knowledge of the law; his incarceration precludes him from investigating "crucial facts" or take depositions; and he has made unsuccessful efforts to obtain an attorney. ECF No. 21 at 2–7. He also contends that he has

---

[1] Mr. Neenan asserts that he filed his first kite on February 21, 2020. ECF No. 1-1 at 6.

limited access to the law library, his legal requests are not being processed, and where he is able to access legal materials, they are significantly outdated. *Id*. at 4, 6, 7.

Additionally, Plaintiff asserts that an attorney would help him prepare his "defense" and that if only he "file[s]" discovery, he would be entitled to counsel under the Sixth Amendment. *Id*. at 3, 5. Finally, Mr. Neenan notes that appointing counsel would "benefit this court" in terms of "making it easier for the court's task of discerning the issues and adjudicating the matter at bar" and that "justice would best be served in this case" if the Court were to appoint counsel. *Id.* at 8.

Defendants oppose, arguing that Mr. Neenan has neither established (1) that is likely to succeed on the merits[2] nor (2) that he is unable to articulate his claims due to their complexity. ECF No. 23 at 3. With respect to the latter, Defendants contend that Plaintiff's Eighth-Amendment claim "is straightforward and not legally complex[,]" he has filed "multiple" motions,[3] and he participated in mediation.[4] *Id*. at 5–6. Their position also is that Mr. Neenan does, in fact, have access to the law library and that the legal materials, namely the Federal Codes and case law, are current. *Id*. at 2; ECF No. 23-1 at 3.

**II.     Legal Standard**

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In certain circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and

---

[2] Defendants initially focus on the legal standard regarding excessive force when discussing whether Plaintiff has a likelihood of success on the merits. ECF No. 23 at 3–4.

[3] While Defendants use the adjective "multiple" to describe Plaintiff's filings in this case, they only cite to two and one is the instant motion for appointment of counsel. ECF No. 23 at 5–6. The docket also reflects that Plaintiff has only filed two motions in this case.

[4] Notably, the mediation, which took place on December 17, 2021, lasted only 26 minutes. *See* ECF No. 13.

(2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues").

Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

**III.    Analysis**

**A. Whether Mr. Neenan's claim has a likelihood of success on the merits**

Here, Mr. Neenan's Eighth Amendment deliberate indifference to serious medical needs claim has a likelihood of success on the merits, as evidenced by it surviving the Court's screening process. ECF No. 5 at 8.

"The Ninth Circuit has indicated that the articulation of a cognizable claim for relief may itself be sufficient to satisfy the 'merit' analysis on a motion for appointment of counsel." *Turner v. Riaz*, No. 216CV0969MCEACP, 2018 WL 5962726, at *4 (E.D. Cal. Nov. 14, 2018) (citing *Tilei v. McGuinness*, 642 F. App'x 719, 722 (9th Cir. 2016)). This factor, therefore, weighs in favor of appointing counsel.

**B. Whether Mr. Neenan has an ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved"**

The parties disagree about Mr. Neenan's ability to articulate his claims *pro se* "in light of the complexity of the legal issues involved." *Compare* ECF No. 21 *with* ECF No. 23.

For the reasons discussed below, the Court will exercise its discretion to appoint counsel for Mr. Neenan.

1    First, it is apparent that Plaintiff is unable to litigate this case. For example, Mr. Neenan explains that he has the "limited assistance of a prison law clerk" but even the law clerk has "limited knowledge and expertise." ECF No. 21 at 7. Moreover, it is obvious from the different handwriting styles used that others have helped him draft his complaint and the only two motions he has filed. While the complaint (filed at ECF No. 1-1) is written in one handwriting style, the instant motion for appointment of counsel has a different handwriting style. As does the motion to exclude the case from mediation (at ECF No. 7).

Mr. Neenan's inability to litigate this case is further evidenced by several of the arguments he makes in the present motion requesting counsel. For example, although he is the plaintiff in this case (i.e., the individual who initiated or brought this lawsuit), he argues that having an attorney would help prepare his "defense." ECF No. 21 at 3. At the same time, he also argues that if he were to simply "file" discovery, he would then be entitled to counsel under the Sixth Amendment.[5] *Id*. at 5. Both arguments are not legally correct.

Third, and contrary to the Defendants' position (ECF No. 23 at 5), deliberate indifference to serious medical needs can be complex. *See, e.g., Turner*, 2018 WL 5962726, at *4 ("Appointment of counsel is also appropriate because deliberate indifference claims involve an interplay of factual and legal issues that is inherently complex."); *Cataldo v. Madox*, No. 16-CV-2747-JAH-WVG, 2017 WL 2733924, at *2 (S.D. Cal. June 26, 2017) ("Plaintiff's claims of deliberate indifference to medical needs and failure to protect based on medical status will turn on standards of care, causation, and medical treatment issues that may require the testimony of expert witnesses, necessitating expert discovery, a task that is undoubtedly complex."); *Tilei*, 642 F. App'x at 722 (reversing the district court and holding that "exceptional circumstances" existed to appoint counsel because the deliberate indifference claim was legally complex, plaintiff was unable to draft motions and conduct legal research due to a medical incapacity, and plaintiff had a likelihood to succeed on the merits).

---

[5] Plaintiff writes in the instant motion that the "6th Amendment of the United States Constitution requires the Court to appoint counsel for indigent petitioner but the court will deny the motion because the petitioner has not yet filed his discovery/miscellaneous forms/motions/documents." ECF No. 21 at 5.

Finally, the Court recognizes that appointing counsel in this case would allow proceedings to "undoubtedly proceed more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

Accordingly, these circumstances warrant the appointment of *pro bono* counsel in this case.

**IV.   Conclusion and Order**

**IT IS THEREFORE ORDERED** that Plaintiff David Neenan's motion for appointment of counsel (ECF No. 21) is GRANTED.

Because the Court will exercise its discretion to appoint counsel and grant Mr. Neenan's motion for appointment of counsel, it will refer the case to the Court's Pro Bono Program to attempt to find an attorney to accept Plaintiff's case. Mr. Neenan should be aware that the Court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id*. Additionally, **Mr. Neenan is reminded that until counsel is appointed, he is still responsible for complying with all deadlines in his case**. If counsel is found, an order appointing counsel will be issued by the Court and Mr. Neenan will be contacted by counsel.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program adopted in Second Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiff. The scope of appointment shall be for all purposes through the conclusion of trial. Plaintiff is reminded that he must comply with all deadlines currently set in his case and there is no guarantee that counsel will be appointed. If counsel is found, an order appointing counsel will be issued by the Court, and Plaintiff will be contacted by counsel. In addition, the Court will schedule a status hearing to further delineate the scope of representation.

**IT IS FURTHER ORDERED** that the Clerk of Court must forward this Order to the Pro Bono Liaison.

**IT IS FURTHER ORDERED** that the motion hearing set for May 18, 2022 is VACATED.

DATED: May 17, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE